In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00185-CR
______________________________


TOMMY RAY YOUNG, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 18,579-2004


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Tommy Ray Young appeals from his conviction by the trial court for attempted murder. 
Young's punishment was enhanced as a habitual offender. The trial court sentenced Young to thirty-five years' imprisonment. We dismiss Young's appeal for want of jurisdiction.
            The trial court filed a certification, in accordance with Rule 25.2(a)(2), that this case "[i]s a
plea-bargain case, and the Defendant has NO right of appeal." Rule 25.2(a)(2) states, in pertinent
part: 
(2) . . . A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order.

Tex. R. App. P. 25.2(a)(2). If a certification showing that the defendant has the right to appeal is not
made a part of the appellate record, we must dismiss the case unless the record affirmatively
indicates that an appellant may have the right to appeal. Tex. R. App. P. 25.2(d); see Greenwell v.
Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); Dears
v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). We have examined the clerk's record to
determine whether the trial court's certification is defective. See Dears, 154 S.W.3d at 613. Nothing
in the record indicates the certification is defective. This Court lacks jurisdiction over this appeal. 
            On December 28, 2005, we informed Young, by letter, of this apparent defect in our
jurisdiction and informed him that, if he did not show us how we have jurisdiction, within ten days
of the letter, his appeal would be subject to dismissal for want of jurisdiction. Young has now
requested an extension of thirty days to file a response to our letter. The motion for extension
contains no explanation of the need for an extension. We overrule Young's motion for extension.
            We dismiss the appeal for want of jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 11, 2006
Date Decided:             January 12, 2006

Do Not Publish